**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| **AVIENT CORPORATION,**<br><br>　　　　　　　　　　**Plaintiff**<br><br>　v.<br><br>**WESTLAKE VINYLS, INC.,**<br><br>　　　　　　　　　　**Defendant** | **Case No. 5:22-CV-51-TBR** |

**WESTLAKE VINYLS, INC.'S ANSWER TO**
**AVIENT CORPORATION'S COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Westlake Vinyls, Inc. ("Westlake"), by counsel, for its Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") by Plaintiff Avient Corporation ("Avient") hereby states as follows:

**WESTLAKE'S RESPONSES TO AVIENT'S ALLEGATIONS**

1. In response to the "Preliminary Statement" of Avient's Complaint, Westlake states that these unnumbered paragraphs do not assert any factual allegations to which a response is required and, to the extent they do, Westlake denies the factual allegations within the "Preliminary Statement." As conceded by Avient on multiple occasions and in multiple legal proceedings, and as found by multiple tribunals, the arbitration agreement agreed to by Westlake and Avient in the 2007 Settlement Agreement is valid and enforceable.

2. In response to the allegations of paragraph 1 of Avient's Complaint, Westlake states that it lacks sufficient information to form a belief and therefore denies the same.

3. In response to the allegations of paragraph 2 of Avient's Complaint, Westlake admits only that it is a Delaware corporation. Westlake's denies that its principal place of business is Calvert City, Kentucky, and avers that its principal place of business is Houston, Texas.

4. In response to the allegations of paragraphs 3, 4, 5, and 6 of Avient's Complaint, Westlake states that these paragraphs assert legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations of paragraphs 3, 4, 5, and 6 of Avient's Complaint.

5. In response to the allegations of subheading "A" that precedes paragraph 7 of Avient's Complaint, Westlake states that to the extent this subheading describes the terms of a 2007 Settlement Agreement between Westlake, Avient, and Goodrich Corporation ("Goodrich") ("2007 Settlement Agreement"), the terms of that settlement agreement speak for themselves. Westlake denies any allegations of sub-heading "A" of Avient's Complaint that are inconsistent with the terms of the 2007 Settlement Agreement, and denies any other allegations contained within subheading "A" of Avient's Complaint.

6. In response to the allegations of paragraph 7 of Avient's Complaint, Westlake states that it admits the allegations of paragraph 7 to the extent they describe the present ownership and use of the chemical manufacturing facility located near Calvert City, Kentucky that Westlake acquired from Goodrich in 1990 and 1997. To the extent that paragraph 7 purports to describe the previous ownership or use of what the Complaint refers to as the "Site," Westlake denies the allegations of paragraph 7 of Avient's Complaint.

7. In response to the allegations of paragraph 8 of Avient's Complaint, Westlake states that it acquired chemical manufacturing facilities from Goodrich in 1990 and 1997 and that paragraph 8 describes several written agreements related to those acquisitions, the terms of which

speak for themselves. The allegations of paragraph 8 also describe the 1993 Separation Agreements between Avient and Goodrich, the terms of which speak for themselves. Westlake denies any and all allegations of paragraph 8 of Avient's Complaint that are inconsistent with the terms of the referenced agreements.

8. In response to the allegations of paragraph 9 of Avient's Complaint, Westlake states that paragraph 9 describes litigation between Westlake, Avient, and Goodrich in *Westlake Vinyls, Inc. v. Goodrich Corp.*, No 5:03-cv-00240-TBR (W.D. Ky.). The claims and arguments made in that litigation and the Court's rulings are set forth in the record of that litigation and speak for themselves. Further, paragraph 9 of Avient's Complaint describes the 2007 Settlement Agreement, the terms of which speak for themselves. Westlake denies any allegations in paragraph 9 of Avient's Complaint that are inconsistent with the record of that litigation or with the terms of the 2007 Settlement Agreement described therein, and Westlake denies any and all other allegations in paragraph 9 of Avient's Complaint.

9. In response to the allegations of paragraph 10, Westlake states that the terms of the 2007 Settlement Agreement speak for themselves. Westlake denies the allegations of paragraph 10 that are inconsistent with the terms of the 2007 Settlement Agreement.

10. In response to the allegations in paragraph 11 of Avient's Complaint, Westlake states that the parties agreed to arbitrate responsibility for Allocable Costs and that the terms of the arbitration agreement contained in the 2007 Settlement Agreement and the remainder of the 2007 Settlement Agreement speak for themselves. Westlake denies the remaining allegations in paragraph 11 of Avient's Complaint and denies all allegations that are inconsistent with the terms of the 2007 Settlement Agreement.

11. Westlake denies the allegations in paragraph 12 of Avient's Complaint.

12. Westlake denies the allegations in paragraph 13 of Avient's Complaint.

13. In response to the allegations in paragraph 14 of Avient's Complaint, Westlake states that the terms of the 2007 Settlement Agreement speak for themselves, and Westlake denies the allegations to the extent that they conflict with the terms of the 2007 Settlement Agreement.

14. Westlake denies the allegations of paragraph 15 of Avient's Complaint.

15. Westlake denies the allegations of subheading "B" that precedes paragraph 16 of Avient's Complaint.

16. In response to the allegations of paragraph 16 of Avient's Complaint, Westlake states that paragraph 16 asserts legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations of paragraph 16 of Avient's Complaint.

17. In response to the allegations of paragraphs 17, 18, and 19 of Avient's Complaint, Westlake states that paragraphs 17, 18, and 19 state legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations of paragraphs 17, 18, and 19 of Avient's Complaint.

18. In response to the allegations of paragraph 20 of Avient's Complaint, Westlake states that paragraph 20 describes the terms of the 2007 Settlement Agreement, which terms speak for themselves. Westlake denies the allegations of paragraph 20 of Avient's Complaint that are inconsistent with the terms of the 2007 Settlement Agreement and denies all other allegations of paragraph 20 of Avient's Complaint.

19. Westlake denies the allegations of paragraphs 21, 22, 23, and 24 of Avient's Complaint.

20. In response to the allegations of paragraph 25 of Avient's Complaint and its subparagraphs, Westlake states that paragraph 25 and its subparagraphs describe terms of the 2007

Settlement Agreement, which terms speak for themselves. Westlake denies any allegations of paragraph 25 of Avient's Complaint and its subparagraphs that are inconsistent with the terms of the 2007 Settlement Agreement. Westlake denies all other allegations of paragraph 25 of Avient's Complaint and its subparagraphs.

21. Westlake denies the allegations of paragraphs 26 and 27 of Avient's Complaint.

22. In response to subheading "C" which precedes paragraph 28 of Avient's Complaint, Westlake states that this subheading purports to describe 2018 litigation initiated by Avient against Westlake styled *PolyOne Corp. v. Westlake Vinyls, Inc.*, No. 5:18-CV-107-TBR (W.D. Ky.). The parties' claims and arguments in that litigation, and the Court's rulings therein, are reflected in the record of that litigation and speak for themselves. Westlake denies the allegations in subheading "C" that are inconsistent with the record of that litigation and denies the other allegations of subheading "C" of Avient's Complaint.

23. Westlake admits the allegations of paragraph 28 of Avient's Complaint and avers that, by Avient initiating arbitration against Westlake on May 19, 2017, Avient conceded, confirmed and acknowledged that the arbitration agreement contained in the 2007 Settlement Agreement was valid and enforceable at the time and remains valid and enforceable today.

24. Westlake denies the allegations of paragraph 29 of Avient's Complaint.

25. In response to the allegations of paragraphs 30 and 31 of Avient's Complaint, Westlake states that paragraphs 30 and 31 describe arguments and claims made in the 2018 litigation initiated by Avient against Westlake styled *PolyOne Corp. v. Westlake Vinyls, Inc.*, No. 5:18-CV-107-TBR (W.D. Ky.). The parties' claims and arguments in that litigation, and the Court's rulings therein, are reflected in the record of that litigation and speak for themselves. Westlake denies the allegations in paragraphs 30 and 31 of Avient's Complaint that are

inconsistent with the record of that litigation and denies the other allegations of paragraphs 30 and 31 of Avient's Complaint.

26. In response to the allegations of paragraph 32 of Avient's Complaint, Westlake states that paragraph 32 describes arguments and rulings made in an appeal styled *PolyOne Corp. v. Westlake Vinyls, Inc.*, No. 19-5137 (6th Cir. 2019). The parties' arguments and the Sixth Circuit's rulings are reflected in the record of that appeal and speak for themselves. Westlake denies the allegations in paragraph 32 of Avient's Complaint that are inconsistent with the record of that appeal and denies the other allegations of paragraph 32 of Avient's Complaint.

27. Westlake denies the allegations in paragraph 33 of Avient's Complaint.

28. In response to the allegations of paragraph 34 of Avient's Complaint, Westlake states that paragraph 34 describes arguments and rulings made in an appeal styled *PolyOne Corp. v. Westlake Vinyls, Inc.*, No. 19-5137 (6th Cir. 2019). The parties' arguments and the Sixth Circuit's rulings are reflected in the record of that appeal and speak for themselves. Westlake denies the allegations in paragraph 34 of Avient's Complaint that are inconsistent with the record of that appeal and denies the other allegations of paragraph 34 of Avient's Complaint.

29. In response to the allegations of subheading "D" which precedes paragraph 35 of Avient's Complaint, Westlake states that subheading "D" describes claims and arguments made in an arbitration styled *Westlake Vinyls, Inc. v. Avient Corporation*, JAMS Ref. No. 5410000102. The parties' claims and arguments are reflected in the record of that arbitration and speak for themselves. Westlake denies the allegations of subheading "D" that are inconsistent with the record of that arbitration and denies all other allegations of subheading "D" of Avient's Complaint.

30. Westlake denies the allegations of paragraph 35 of Avient's Complaint.

31. In response to the allegations of paragraphs 36 of Avient's Complaint, Westlake states that paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations of paragraph 36 of Avient's Complaint.

32. In response to the allegations of paragraph 37 of Avient's Complaint, Westlake states that paragraph 37 describes the status of the arbitration styled *Westlake Vinyls, Inc. v. Avient Corporation*, JAMS Ref. No. 5410000102. The status of and proceedings in that arbitration are reflected in the record of the arbitration and speak for themselves. Westlake denies the allegations of paragraph 37 of Avient's Complaint that are inconsistent with the record of that arbitration and denies all other allegations in paragraph 37 of Avient's Complaint.

33. In response to the allegations of paragraph 38 of Avient's Complaint, Westlake states that paragraph 38 asserts legal conclusions to which no response is required. To the extent a response is required, Westlake denies the allegations of paragraph 38 of Avient's Complaint.

34. In response to the allegations of paragraph 39 of Avient's Complaint, Westlake states that paragraph 39 describes the status of the arbitration styled *Westlake Vinyls, Inc. v. Avient Corporation*, JAMS Ref. No. 5410000102. The status of and proceedings in that arbitration are reflected in the record of the arbitration and speak for themselves. Westlake denies the allegations of paragraph 39 of Avient's Complaint that are inconsistent with the record of that arbitration and denies all other allegations of paragraph 39 of Avient's Complaint.

35. In response to allegations of paragraph 40 of Avient's Complaint, Westlake reiterates and adopts the responses to paragraphs 1 through 39 of Avient's Complaint above, and each and every defense and affirmative defense set forth below, as if set forth fully herein.

36. Westlake denies the allegations of paragraphs 41 and 42 of Avient's Complaint.

37. In response to the allegations of paragraph 43 of Avient's Complaint, Westlake reiterates and adopts the responses to paragraphs 1 through 42 of Avient's Complaint above, and each and every defense and affirmative defense set forth below, as if set forth fully herein.

38. Westlake denies the allegations of paragraphs 44, 45, 46, 47, 48, 49, and 50 of Avient's Complaint.

39. Westlake denies the allegations and requests for relief set forth in paragraphs 1, 2, 3, 4, and 5 of the "Prayer for Relief" set forth on pages 17 and 18 of Avient's Complaint.

40. Westlake denies any and all allegations not expressly admitted herein.

## WESTLAKE'S DEFENSES

41. Avient's Complaint fails to state a claim against Westlake upon which relief may be granted.

42. Westlake asserts all defenses set forth in Federal Rules of Civil Procedure 8 and 12 as made applicable to this proceeding, including, but not limited to, the doctrines of arbitration and award, judicial estoppel, equitable estoppel, fraud, laches, claim preclusion, issue preclusion, statute of limitations, and waiver.

43. Avient's claims are barred by the terms of the arbitration agreement contained in the 2007 Settlement Agreement.

44. Westlake reserves the right to assert any and all other defenses as may become known through further litigation in this matter.

WHEREFORE, the defendant, Westlake Vinyls, Inc., demands that the Complaint for Declaratory and Injunctive Relief against it be dismissed with prejudice, its costs and attorneys' fees herein expended pursuant to all applicable law, and all other and proper relief to which it may be entitled.

Dated: September 1, 2022

Respectfully submitted,

/s/ Adam T. Goebel
Adam T. Goebel
Angela S. Fetcher
Adam C. Reeves
STOLL KEENON OGDEN PLLC
500 West Jefferson Street
Suite 2000
Louisville, KY 40202-2828
(502) 333-6000
adam.goebel@skofirm.com
angela.fetcher@skofirm.com
adam.reeves@skofirm.com

and

David A. Super (admitted pro hac)
Britt Cass Steckman (admitted pro hac)
Margaret B. Beasley (admitted pro hac)
BRACEWELL LLP
2001 M Street, N.W.
Washington, DC, 20036
(202) 828-5800
david.super@bracewell.com
britt.steckman@bracewell.com
margaret.beasley@bracewell.com
(*Pro Hac Vice granted*)

*Counsel for Defendant Westlake Vinyls, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all ECF users.

/s/ Adam T. Goebel
*Counsel for Westlake Vinyls, Inc.*