**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

AVIENT CORPORATION,

                    Plaintiff,

v.

WESTLAKE VINYLS, INC.,

                    Defendant.

Case No. 5:22-cv-51-TBR

Electronically Filed

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ................................................................................................2

    A.   Westlake and Avient Entered into a Settlement Agreement in 2007 To Resolve Past Disputes.........................................................................................2

    B.   The Settlement Agreement Provides for De Novo Judicial Determination of Any Matter Resolved In Arbitration...................................................................3

    C.   Avient Challenged the Settlement Agreement's Arbitration Provision During the 2017 Arbitration.......................................................................................3

    D.   Westlake Initiates a New Arbitration............................................................4

III.    LEGAL STANDARD.........................................................................................5

IV.     ARGUMENT ......................................................................................................5

    A.   The Settlement Agreement's Arbitration Provision Is Invalid in Its Entirety. ...................5

        1.   The Judicial-Determination Provision Is Invalid and Unenforceable.........................5

        2.   The Entire Arbitration Provision in the 2007 Settlement Agreement Is Invalid and Unenforceable. ........................................................................6

    B.   Westlake's Contrary Arguments Lack Merit. ...............................................10

V.      CONCLUSION.................................................................................................11

CERTIFICATE OF SERVICE .....................................................................................13

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Citizen Potawatomi Nation v. Oklahoma*,
   881 F.3d 1226 (10th Cir. 2018) ............................................................. 1, 6, 7, 9

*Craig v. Bridges Bros. Trucking LLC*,
   823 F.3d 382 (6th Cir. 2016) ................................................................... 5

*Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*,
   485 F. App'x 821 (6th Cir. 2012) ........................................................... 11

*Hall Street Assocs., LLC v. Mattel, Inc.*,
   552 U.S. 576 (2008) .............................................................................. 3-8, 10

*Johnson v. Zerbst*,
   304 U.S. 458 (1938) ............................................................................... 10

*PolyOne Corp. v. Westlake Vinyls, Inc.*,
   2019 WL 238018 (W.D. Ky. Jan. 16, 2019) ........................................... 3, 10

*PolyOne Corp. v. Westlake Vinyls, Inc.*,
   937 F.3d 692 (6th Cir. 2019) ................................................................. 1, 4, 6, 10

*United States v. Olano*,
   507 U.S. 725 (1993) ............................................................................... 10

*Westlake Vinyls, Inc. v. Goodrich Corp.*,
   No. 5:03-cv-00240-TBR (W.D. Ky.) ...................................................... 2

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................ 5

## I.    INTRODUCTION

From 2003 to 2007, the parties to this case—plaintiff Avient Corporation and defendant Westlake Vinyls, Inc.—litigated their respective environmental liabilities regarding a facility in Calvert City, Kentucky ("Site"). The parties negotiated a settlement agreement in 2007 ("Settlement Agreement," DN 6) that resolved liability up to an agreed date but provided for periodic arbitrations to determine liability for costs arising after July 31, 2007.

A few years ago, the parties litigated the validity of a then-pending arbitration proceeding. In resolving that litigation, the Sixth Circuit concluded that Avient had a "strong" argument that the Settlement Agreement's arbitration provision is unenforceable under the Federal Arbitration Act. *PolyOne Corp. v. Westlake Vinyls, Inc.*, 937 F.3d 692, 701 (6th Cir. 2019). That is because the arbitration provision allows either party to seek a de novo judicial determination of any matter decided in arbitration—which the Sixth Circuit concluded likely "violates federal law." *Id.* And that illegality renders the entire agreement unenforceable because, as the Tenth Circuit held in *Citizen Potawatomi Nation v. Oklahoma*, 881 F.3d 1226 (10th Cir. 2018), when a provision that authorizes de novo judicial determination after an arbitral award is material to the arbitration agreement, the entire agreement is unenforceable and must be severed from the remainder of the parties' agreement.

Although the Sixth Circuit recognized the likely invalidity of the Settlement Agreement's arbitration provision, it held that Avient had waived its ability to challenge the provision's validity *in that litigation* because Avient had initiated the underlying arbitration, thereby invoking the provision it then sought to have invalidated. *See PolyOne*, 937 F.3d at 702. But the court did not foreclose a subsequent challenge, "withhold[ing] judgment on whether [Avient had] waived its ability to challenge the Agreement's arbitration provisions for all time," *id.* at 694.

Earlier this year, Westlake filed a new arbitration against Avient pursuant to the same arbitration provision, but that provision is invalid and, therefore, summary judgment should be entered for Avient and the arbitration-related provisions set aside (but with the rest of the Settlement Agreement undisturbed) so that Avient is not forced to arbitrate the parties' dispute under that invalid provision.

## II.     BACKGROUND

### A.     Westlake and Avient Entered into a Settlement Agreement in 2007 To Resolve Past Disputes.

Avient was formed in 2000, when The Geon Company was consolidated with M.A. Hanna Company. DN 17-2, Affidavit of Dena Kobasic ("Kobasic Affidavit"), ¶ 2. Avient changed its name from PolyOne Corporation in 2020. *Id.*

Westlake owns and operates a facility in Calvert City, Kentucky—referred to herein as the Site—where Westlake manufactures vinyl chloride monomer, or VCM. DN 15-3 (2017 Arbitration Final Award) at 2. The Site houses three chemical manufacturing plants, all owned and operated by Westlake: (1) the Chlorine Plant, which manufactures chlorine gas; (2) the Ethylene Plant, which produces ethylene; and (3) the EDC/VCM Plant, which produces both ethylene dichloride and VCM, the final product of the facility. *Id.*

Beginning in 2003, Avient, Westlake, and the Goodrich Corporation—a predecessor-in-interest to Avient—litigated the parties' environmental liabilities at the Site. *See generally Westlake Vinyls, Inc. v. Goodrich Corp.*, No. 5:03-cv-00240-TBR (W.D. Ky.). After four years, Westlake, Goodrich, and Avient entered into the Settlement Agreement to resolve the litigation. The agreement resolved liability for certain environmental costs arising on or before July 31, 2007. *See* Settlement Agreement § 2.2(a). Claims related to these costs were released by the parties. *See id.*

**B.      The Settlement Agreement Provides for De Novo Judicial Determination of Any Matter Resolved In Arbitration.**

For certain defined environmental costs arising *after* July 31, 2007—so-called "Allocable Costs"—the Settlement Agreement requires Avient and Westlake to arbitrate any disputes about amount or allocation. *See* Settlement Agreement §§ 3-6. Separate arbitrations are permitted every five years, and each arbitration may allocate costs only "based upon acts or omissions, events, conditions, developments, data or circumstances that have occurred or changed since the date of the notice of the prior arbitration." *Id.* § 4.1.

However, the arbitration provision does not bind either party to any award made in arbitration. It instead provides that, following any arbitration, either Avient or Westlake "may file a complaint … seeking a de novo judicial determination of (1) the amount of the Allocable Costs, and/or (2) the appropriate dollar division of the Allocable Costs between the Parties." *Id.* § 6.3. The parties' right to the de novo judicial proceeding is absolute: Section 6.3(c) of the Settlement Agreement states that "[t]he Parties agree that they shall not dispute a Party's right to bring a claim for judicial relief as provided for in this Section 6."

**C.      Avient Challenged the Settlement Agreement's Arbitration Provision During the 2017 Arbitration.**

In 2017, Avient filed an arbitration demand to allocate liability for certain costs related to the Site and adjacent areas. Avient subsequently sought a declaration from this Court that the parties' obligation to arbitrate was unenforceable under *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008), as applied in *Potawatomi. See PolyOne Corp. v. Westlake Vinyls, Inc.*, 2019 WL 238018, at *1 (W.D. Ky. Jan. 16, 2019). Avient also asked the Court to enjoin the then-pending arbitration (the "2017 Arbitration"). *See id.* The Court ultimately dismissed Avient's complaint, holding that, by initiating the 2017 Arbitration, Avient had waived its right to challenge the arbitration provision. *Id.* at *2.

- 3 -

Avient appealed to the Sixth Circuit, which concluded that Avient "has a strong argument that the judicial-relief provision violates *Hall Street* by expanding the grounds for vacating an arbitration award" and hence "that the Agreement's judicial-relief provision is invalid under the" Federal Arbitration Act ("FAA"). *PolyOne*, 937 F.3d at 697, 701. The Sixth Circuit also observed that Avient's claim that the 2007 Settlement Agreement's entire arbitration provision is unenforceable was "strong." *Id.* at 694. The court held, however, that by initiating the 2017 Arbitration, Avient had waived its ability to challenge the arbitration provision as applied to that arbitration. *Id.* at 701. But the Sixth Circuit explicitly left the door open for Avient to challenge a future arbitration based on the arbitration provision's invalidity, noting that "[w]hether PolyOne has waived its ability to challenge those provisions for all time is a separate question not presently before us." *Id.* at 702.

### D.  Westlake Initiates a New Arbitration.

Earlier this year, Westlake initiated a new arbitration pursuant to the Settlement Agreement. Exhibit 1, Affidavit of Davina Pujari ("Pujari Affidavit"), ¶ 3. Avient immediately sought a stay of the arbitration from the arbitration administrator (JAMS), which was granted. *Id.* ¶ 4.

Avient also promptly brought this action seeking to enjoin the pending arbitration and requesting a declaration that the Settlement Agreement's arbitration provision is invalid and unenforceable. Westlake moved to dismiss Avient's complaint on the basis that only the arbitrators have jurisdiction to determine the arbitration provision's validity. DN 10. The Court denied Westlake's motion, holding that "the issues raised by Avient's complaint in this case are not subject to arbitration." DN 38 at 14.

### III.    LEGAL STANDARD

Summary judgment is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The standards used to "evaluate motions for summary judgment do not change when, as here, 'both parties seek to resolve [the] case through the vehicle of cross-motions for summary judgment.'" *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 387 (6th Cir. 2016) (alteration in original).

### IV.    ARGUMENT

#### A.    The Settlement Agreement's Arbitration Provision Is Invalid in Its Entirety.

##### 1.    The Judicial-Determination Provision Is Invalid and Unenforceable.

Section 6.3 of the Settlement Agreement provides that either Avient or Westlake may "seek[] a de novo judicial determination" of the issues decided in any arbitration conducted under the agreement. In other words, Section 6.3 renders any arbitration award under the agreement non-binding—either party may obtain a "de novo judicial determination" of any matter that has been arbitrated. This is confirmed by Section 6.1, which provides that the filing of a complaint for judicial review under Section 6.3 "shall render the arbitrators' award null and void." Section 6.3(c), moreover, provides that neither party shall dispute a party's "right to bring a claim for judicial relief" under Section 6.

The de novo judicial-determination provision indisputably expands the limited grounds for judicial invalidation of an arbitral award under Sections 10 and 11 of the FAA. While arguably valid in 2007, such an expansion is now impermissible: In *Hall Street*, decided about a year after the Settlement Agreement's execution, the Supreme Court held that a provision in an arbitration agreement allowing review of an arbitration award for "legal error" was preempted by Sections 10 and 11, because those sections enumerate the *only* grounds on which an arbitration award can be set aside or modified under the statute. *See* 552 U.S. at 586. In other

words, an arbitration agreement governed by the FAA cannot provide more (or fewer) grounds than does the FAA. Moreover, the Court held, an FAA-governed agreement that does so is unenforceable, *id.* at 584, even if the agreement does not expressly invoke the FAA, *id.* at 590.

There is no reasonable ground to deny that the Settlement Agreement's de novo judicial-determination provision is invalid under *Hall Street*.

>    **2.    The Entire Arbitration Provision in the 2007 Settlement Agreement Is Invalid and Unenforceable.**

As the logic of the Tenth Circuit's decision in *Potawatomi* demonstrates, the judicial-determination provision of the Settlement Agreement cannot be severed from the overall arbitration provision, because it is material to the parties' agreement to arbitrate. Accordingly, the entire arbitration provision is unenforceable.

In *Potawatomi*, the Tenth Circuit considered an appeal from an Indian tribe's effort to enforce an arbitration award against Oklahoma. The arbitration agreement at issue, which was part of a tribal gaming compact, involved a de novo judicial-review provision quite similar to the one here. Based on *Hall Street*, the court of appeals concluded that the provision was unenforceable. *See Potawatomi*, 881 F.3d at 1235-37.

The court then analyzed the impact of that conclusion on the overall arbitration provision. It concluded that "[b]ecause the availability of de novo review is a material aspect of the parties' agreement to engage in binding arbitration, and because *Hall Street Associates* renders the de novo review provision … unenforceable," the arbitration agreement as a whole was unenforceable and had to be severed from the rest of the compact. *Id.* at 1241.[1]

---

[1] As the Sixth Circuit observed in *PolyOne*, "before *Potawatomi*, no court had considered the effect of an invalid judicial-review provision on the broader agreement to arbitrate," much less invalidated an entire arbitration agreement because it included an unenforceable judicial-review provision. 937 F.3d at 699.

The compact in *Potawatomi* included a severability clause providing that the invalidation of any provision would not affect other provisions "unless the invalidated provision, section or subsection is material." 881 F.3d at 1240 n.20. The Tenth Circuit thus analyzed the materiality of the de novo judicial-determination provision to the arbitration agreement. Based on the compact's text—including the fact that "the provision establishing binding arbitration[] specifically limits that requirement to the availability of de novo review," *id.* at 1240—the court concluded that the de novo review provision was material to the arbitration provision, *id.* Given that, *i.e.*, "[b]ecause the availability of de novo review is a material aspect of the parties' agreement to engage in binding arbitration, and because *Hall Street Associates* renders the de novo review provision legally unenforceable," the court held the entire arbitration clause invalid. *Id.* at 1241.

Like the compact in *Potawatomi*, the Settlement Agreement includes a materiality provision (Section 14) that requires a materiality analysis like the one carried out by the *Potawatomi* court:

> In the event that any provision of this Agreement shall be finally determined to be unenforceable, such provision shall, ***so long as the economic and legal substance of the transactions contemplated hereby is not affected in any materially adverse manner as to any Party***, be deemed severed from this Agreement and every other provision of this Agreement shall remain in full force and effect.

Settlement Agreement § 14 (emphasis added). This clause therefore requires a court to consider the "economic and legal substance of the transactions contemplated" by the parties in determining whether a contract provision is material and therefore non-severable. *Id.*

As was true of the compact in *Potawatomi*, the availability of a post-arbitration de novo judicial determination of cost allocation is a material aspect of the Settlement Agreement. First and foremost, the provision converts what would be binding arbitration (without Section 6) into non-binding arbitration. Section 6.1 provides that "the filing of a complaint under Section 6.3

- 7 -

… shall render the arbitrators' award null and void." As a result, under Section 6, the parties are not bound by an arbitral award at all, and a post-arbitration litigation proceeds largely as if the arbitration never occurred. These provisions reflect the parties' mutual agreement to have disputed cost allocations definitively resolved by an Article III judge, after the full discovery and proceedings allowed under the Federal Rules of Civil Procedure, and with a full right to appeal. That approach is without a doubt materially different than having disputed allocations resolved in binding arbitration, with very limited grounds for judicial review. Put simply, in entering into the Settlement Agreement—which was executed before *Hall Street*—the parties agreed to arbitrate the allocation of future environmental costs at the Site only on the understanding that either party would have the right to go to federal court after any arbitration and seek a de novo judicial cost allocation if they were dissatisfied with the arbitral result. It is beyond dispute that agreeing to arbitration that will be binding and final save for the narrow judicial review permitted under the FAA is fundamentally—*i.e.*, materially—different from agreeing to arbitration that is, in effect, non-binding.

Underscoring its importance to the Settlement Agreement, the parties' right to the de novo judicial proceeding is absolute. Section 6.3(c) provides that "[t]he Parties agree that they shall not dispute a Party's right to bring a claim for judicial relief as provided for in this Section 6."

Section 6 also includes specifically negotiated substantive and procedural requirements for the judicial-allocation determination, further illustrating the import the parties placed on the right to the de novo judicial proceeding. For example, Section 6.4 includes detailed requirements regarding interim payments of arbitration awards pending the judicial determination; specifically, any new allocation of costs takes effect when the judicial

determination becomes final, or within two years, whichever is earlier. Furthermore, Section 6.5 defines how much the arbitral award's allocation of costs must change in the judicial-determination proceeding for purposes of determining who is the prevailing party for possible fee-shifting. This provision—which differs from the provisions applicable to the arbitration itself, in which each party bears its own fees and costs—reflects a careful attempt to balance the parties' interest in preserving de novo judicial-relief rights against the expense of further litigation, further demonstrating the materiality of the de novo judicial-determination provision to the substance of the parties' agreement.

Because the judicial-determination provision is material to the arbitration provision, it cannot *by itself* be severed from the Settlement Agreement, because doing so would materially adversely affect "the economic and legal substance of the transactions contemplated" by the parties. Settlement Agreement § 14. Rather, the entire arbitration provision must be invalidated, just as in *Potawatomi*. *See* 881 F.3d at 1241.

That then raises the question whether the entire arbitration agreement can be severed from the Settlement Agreement, *i.e.*, whether doing so would materially adversely affect "the economic and legal substance of the transactions contemplated," Settlement Agreement § 14. The answer is that the arbitration provision can be severed from the Settlement Agreement because the parties will retain their rights to allocate environmental costs in federal court, which is not materially different than what was originally contemplated. Indeed, it was almost exactly what was contemplated by the parties' inclusion of Section 6 in the 2007 Settlement Agreement. All that would change is that the parties would not have to spend time and money on a non-binding arbitration proceeding before initiating the federal-court action where their rights would actually be determined.

### B.     Westlake's Contrary Arguments Lack Merit.

As discussed, this Court and the Sixth Circuit resolved Avient's 2018 challenge to the then-pending arbitration on waiver grounds. *See PolyOne*, 2019 WL 238018, at *3; *PolyOne*, 937 F.3d at 702. Waiver is "'the intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). While Westlake is likely to again argue waiver in this action, any such argument would lack merit.

The Sixth Circuit expressly declined to hold in *PolyOne* that Avient had waived for all time its right to challenge the 2017 Arbitration. 937 F.3d at 694, 701. Nor is there any basis to find such a waiver. Even if merely entering into a contract could constitute a waiver of the right to challenge any of its provisions (and to Avient's knowledge there is no case so holding), there would surely be no waiver where the basis for the challenge was unknown (and unknowable) at the time the contract was entered into. And that is the situation here, as *Hall Street*, which established the invalidity of the de novo judicial-review provision here, was decided a year after the Settlement Agreement was executed.

Unlike in *PolyOne*, moreover, it was **Westlake**, not Avient, that initiated arbitration here. *PolyOne*'s waiver holding rested on the fact that Avient had initiated the arbitration it sought to enjoin. For example, the court noted that Avient "not only consented to but *initiated* the arbitration that gave rise to this dispute." 937 F.3d at 698. Because Westlake brought the underlying arbitration here, *PolyOne*'s waiver holding is inapplicable.

Finally, also unlike in 2018, the new arbitration has not begun—no arbitrators have been appointed, no discovery requests exchanged, no preliminary hearings scheduled—and Avient has promptly objected to the arbitration demand at every turn. In particular, upon receiving the demand, Avient sought a stay of the arbitration from JAMS, which was granted. Pujari

Affidavit ¶ 4. Avient also filed this action ten days before its response to Westlake's demand was due. With this motion, Avient again seeks to prevent the arbitration from moving forward. All of this confirms the absence of any waiver here, because only "a party in arbitration who lodges no form of objection whatsoever is deemed to have acquiesced to the arbitrator's authority to determine the arbitrability of the dispute." *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 485 F. App'x 821, 823 (6th Cir. 2012).

Far from raising "no form of objection whatsoever," Avient has raised its objection to the new arbitration, and in particular to the enforceability of the arbitration provision of the 2007 Settlement Agreement, at every juncture. There is no waiver here.

## V.    CONCLUSION

The Court should enter judgment in Avient's favor and declare that: (1) the Settlement Agreement's de novo judicial-determination provision (Section 6) is invalid; (2) that provision is material to and hence not severable from the parties' agreement to arbitrate; (3) the agreement to arbitrate in the Settlement Agreement (Sections 4, 5, and 6 and Exhibit C) is therefore entirely invalid; and (4) that invalid agreement to arbitrate is severable from the other provisions of the Settlement Agreement. The Court should also permanently enjoin the arbitration proceeding Westlake initiated against Avient on March 23, 2022.

Dated: October 7, 2022

By: /s/Mark S. Riddle
    Mark S. Riddle
    DENTONS BINGHAM GREENEBAUM LLP
    3500 PNC Tower
    101 South Fifth Street
    Louisville, KY 40202
    Telephone:   (502) 587-3623
    Facsimile:   (502) 540-2194

    Davina Pujari (admitted *pro hac vice*)
    Christopher A. Rheinheimer
      (admitted *pro hac vice*)
    WILMER CUTLER PICKERING
      HALE & DORR LLP
    One Front Street, Suite 3500
    San Francisco, California 94111
    Telephone:   (628) 235-1000
    Facsimile:   (628) 235-1001

    Charles C. Kelsh (admitted *pro hac vice*)
    WILMER CUTLER PICKERING
      HALE & DORR LLP
    60 State Street
    Boston, Massachusetts 02210
    Telephone:   (617) 526-6000
    Facsimile:   (617) 526-5000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all ECF users.

 /s/ Mark S. Riddle        
*Counsel for Avient Corporation*
