## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| **AVIENT CORPORATION,**<br><br>                                  **Plaintiff**<br><br>v.<br><br>**WESTLAKE VINYLS, INC.,**<br><br>                                  **Defendant** | **Case No. 5:22-CV-51-TBR** |

## WESTLAKE VINYLS, INC.'S MOTION FOR SUMMARY JUDGMENT ON VALIDITY OF ARBITRATION AGREEMENT, AND MOTION TO COMPEL ARBITRATION

For fifteen years, Defendant Westlake Vinyls, Inc. ("Westlake") and Plaintiff Avient Corporation, formerly known as PolyOne Corporation ("Avient"), have addressed disputes between them over environmental related costs incurred at the former Goodrich Corporation chemical manufacturing facility in Calvert City, Kentucky ("Site") in accordance with the Arbitration Agreement set forth in the 2007 Settlement and Release Agreement (DN 6).[1] The Arbitration Agreement was agreed to by the parties, with Judge Russell's assistance, after four years of contentious litigation in this Court from 2003 to 2007. *Westlake Vinyls, Inc. v. Goodrich Corp., et al.*, Case No. 03-240. In March 2022, in accordance with the Arbitration Agreement,

---

[1] More detailed background information regarding the Site and the underlying general dispute among the parties is set forth in Judge Thomas B. Russell's opinion in *PolyOne Corporation v. Westlake Vinyls, Inc.*, No. 5:17-cv-157-TBR, 2018 WL 2437241 (W.D. Ky. May 30, 2018), and in the 67-page Final Award issued in March 2019 by a JAMS panel of three arbitrators after a comprehensive arbitration hearing between Westlake and Avient that occurred in 2018 and 2019 (DN 15-3). The 2019 Final Award was subsequently confirmed by this Court pursuant to the Federal Arbitration Act. *See PolyOne Corp. v. Westlake Vinyls, Inc.*, 5:19-cv-121-TBR, 2020 WL 695657 (W.D. Ky. Feb. 11, 2020).

Westlake filed a demand with JAMS to begin a third arbitration between the parties over environmental related costs that Avient is required to pay pursuant to its allocation of 100% of the costs. In response, Avient filed this lawsuit for declaratory and injunctive relief claiming that the Arbitration Agreement is not valid.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Section 4 of the Federal Arbitration Act, Westlake hereby moves the Court for summary judgment in its favor on the complaint for declaratory and injunctive relief filed by Avient ("Motion"). As set forth in detail in the accompanying Memorandum in Support, which Westlake has filed concurrently with this Motion, under Fed. R. Civ. P. 56(a), there is no genuine dispute as to any material fact, and Westlake is entitled to judgment as a matter of law that the Arbitration Agreement is valid. *See Massey v. Birdsong*, No. 5:20-cv-00067 (TBR), 2022 WL 3008907, at *1 (W.D. Ky. July 28, 2022) (Russell, J.). Accordingly, Westlake is entitled to judgment in its favor, and the parties are required to arbitrate their claims over environmental costs incurred at the Site in the arbitration filed by Westlake with JAMS in March 2022.

October 7, 2022

David A. Super *(admitted pro hac)*
Britt Cass Steckman *(admitted pro hac)*
Margaret B. Beasley *(admitted pro hac)*
Bracewell LLP
2001 M Street, N.W.
Washington, D.C. 20036
(202) 828-5800
david.super@bracewell.com
britt.steckman@bracewell.com
margaret.beasley@bracewell.com

Respectfully submitted,

 /s/ Adam T. Goebel
Adam T. Goebel
Angela S. Fetcher
Adam C. Reeves
Stoll Keenon Ogden PLLC
500 West Jefferson Street
Suite 2000
Louisville, KY 40202
(502) 333-6000
adam.goebel@skofirm.com
angela.fetcher@skofirm.com
adam.reeves@skofirm.com

*Counsel for Defendant Westlake Vinyls, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all ECF users.

          */s/ Adam T. Goebel*
          Adam T. Goebel

006954.171523/8875397